UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 7:21-cr-00233-LSC-SGC |
| | ) | |
| STAFFORD NAKIA COLEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

The Court is in receipt of the magistrate judge's report and recommendation, which recommends granting the defendant's motion to suppress evidence obtained during a traffic stop. (Doc. 46.) The magistrate judge opined that the law enforcement officer violated the defendant's Fourth Amendment rights by prolonging the traffic stop in violation of *Rodriguez v. United States*, 575 U.S. 348 (2015), and *United States v. Campbell*, 912 F.3d 1340 (11th Cir. 2019), and that the impermissible prolonging of the stop requires exclusion of the evidence seized during the search of the defendant's vehicle. The Government did not file an objection to the report and recommendation.

This Court reviewed the report and recommendation and the entire record in this case and ordered further briefing by the Government and the defendant on the issue of inevitable discovery of the evidence. (Doc. 47.) The Government filed a response stating its position that the doctrine was not applicable to this case and reiterating its position that it was not objecting to the magistrate judge's report and recommendation that the motion to suppress be granted. (Doc. 50.) The defendant filed a similar response. (Doc. 51.)

This Court does not necessarily agree with the parties' position that the doctrine of inevitable discovery is not applicable to the facts of this case. However, considering that the Government has requested that this Court adopt and accept the magistrate judge's report and recommendation, the Court will do so, with one exception.

The report and recommendation states on page 11, "The undersigned agrees with the reasoning and conclusion of [*United States v.*] *Keith*[, 2021 WL 6340985 (S.D. Ga. Dec. 2, 2021), *report and recommendation adopted*, 2022 WL 95287 (S.D. Ga. Jan.10, 2022)] and rejects any argument by the Government that it was permissible for Officer Albaradei to ask for consent to search the Escalade because the request was related to the mission of the traffic stop." (Doc. 46 at 11.) In *Keith*, the magistrate judge quoted *United States v. Pruitt*, 174 F.3d 1215, 1220 (11th Cir.

1999), in stating, "Questions unrelated to the initial stop are permissible only if there is reasonable suspicion or 'if the initial detention has become a consensual encounter.'" 2021 WL 6340985, at *4. However, *Pruitt* does not hold that all unrelated questions are only permissible under those two circumstances. Rather, *Pruitt* holds as follows:

> *Lengthening the detention* for further questioning beyond that related to the initial stop is permissible in two circumstances. First, the officer may detain the driver for questioning unrelated to the initial stop if he has an objectively reasonable and articulable suspicion illegal activity has occurred or is occurring. *See United States v. Soto*, 988 F.2d 1548, 1554 (10th Cir.1993). Second, further questioning unrelated to the initial stop is permissible if the initial detention has become a consensual encounter. *See Gonzalez–Lerma*, 14 F.3d at 1483.

*United States v. Pruitt*, 174 F.3d 1215, 1220 (11th Cir. 1999) (emphasis added). Thus, the unrelated questioning must also lengthen the stop for it to be impermissible. To the extent the report and recommendation relies upon the magistrate judge's statement in *Keith* that any and all unrelated questioning is impermissible unless it meets those two exceptions, the Court does not adopt and accept that portion of the report and recommendation.

Otherwise, the report and recommendation (doc. 46) is hereby **ADOPTED** and **ACCEPTED** and the defendant's motion to suppress evidence (doc. 18) is hereby **GRANTED**.

The Government is hereby **ORDERED** to state in writing within ten (10) days from the date of entry of this Order whether it intends to proceed with this action or request that this Court dismiss the Indictment.

**DONE** and **ORDERED** on November 4, 2022.

_____
L. Scott Coogler
United States District Judge

160704